# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1235


**EDDIE J. GUILBEAUX**

**VERSUS**

**THE HOUSING AUTHORITY OF THE CITY OF OPELOUSAS, ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 05-C-5143-D
HONORABLE DONALD WAYNE HEBERT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.

                                                              **AFFIRMED.**


**Cooks, J., concurs in the result and assigns additional reasons.**

**Robert Brinkman**
**Attorney at Law**
**3553 Highway 182**
**Opelousas, LA 70570**
**(337) 942-2210**
**Counsel for Plaintiff-Appellant:**
**Eddie J. Guilbeaux**

**Jimmy L. Dauzat**
**Dauzat, Falgoust, Caviness, and Bienvenu, LLP**
**505 S. Court Street**
**Opelousas, LA 70571-1450**
**(318) 942-5811**
**Counsel for Defendant-Appellee:**
**Julie Lavergne Miles**
**Alvin Donatto**
**Housing Authority of the City ofOpelousas**
**Donald Green, Sr.**
**Debra Mayo**
**Mary Doucet**

**Matthew Joseph Farley**
**Attorney at Law**
**400 Poydras Street, Ste 2500**
**New Orleans, LA 70130**
**(504) 299-3570**
**Counsel for Defendant-Appellee:**
**Travelers Casualty & Surety Company of America**

**Robert U. Goodman**
**Attorney at Law**
**416 Travis Street, Suite 1105**
**Shreveport, LA 71101**
**(318) 221-1601**
**Counsel for Plaintiff-Appellant:**
**Eddie J. Guilbeaux**

**Leslie J. Schiff**
**Schiff Law Corp.**
**P. O. Box 10**
**Opelousas, LA 70571-0010**
**(337) 942-9771**
**Counsel for Plaintiff-Appellant:**
**Eddie J. Guilbeaux**

**Colin Derrick Sherman**
**Huey Law Firm, LLP**
**P. O. Drawer 1806**
**Mobile, AL 36633-1806**
**(251) 433-6622**
**Counsel for Defendant-Appellee:**
**Mary Doucet**
**Housing Authority of the City ofOpelousas**
**Debra Mayo**
**Donald Green, Sr.**
**Alvin Donatto**
**Julie Lavergne Miles**

**PICKETT, Judge.**

The plaintiff-appellant, Eddie Guilbeaux, appeals a judgment of the trial court, following a jury trial, awarding him $67,331.50 for accrued annual leave but dismissing his claims for breach of contract and improper termination.

## STATEMENT OF THE CASE

Eddie Guilbeaux was the long-time executive director of the Housing Authority of the City of Opelousas ("the Housing Authority"). On September 26, 2005, the Board of the Housing Authority ("the Board") met in a special meeting to discuss Mr. Guilbeaux's "work ethic." The meeting was called to order, and the Board then went into executive session. Mr. Guilbeaux and his attorney were present at the executive session. Before coming out of executive session, the Board voted to terminate Mr. Guilbeaux's contract by a vote of three to one, with one member abstaining. The Board then adjourned from executive session and adjourned the meeting without any further action. The members of the Board had the locks on all the doors changed, required Mr. Guilbeaux to turn in his keys, and hired a new executive director.

Mr. Guilbeaux sued the Housing Authority, its members, Mary Doucet, Alvin Donatto, Deborah Mayo, Julie Miles, and Donald Green, and its insurer, St. Paul Travelers Insurance Company, alleging he was fired without cause. He also argued that he was entitled to his full salary and benefits through August 14, 2009, pursuant to a contract with the Housing Authority. The Housing Authority argued that they fired Mr. Guilbeaux with good cause and were not obligated to pay under the terms of the contract since he had breached the contract by failing to properly perform his duties. Before the trial, Ms. Doucet and Mr. Donatto were dismissed from the suit. The matter proceeded to a jury trial.

1

Trial was held on February 13, 14, and 28, and March 1, 2007. The jury, responding to interrogatories, found that Mr. Guilbeaux proved that he had a valid contract with the Housing Authority, but that he failed to prove that he complied with the terms of the contract or that the Housing Authority terminated the contract without serious grounds. The jury found that Mr. Guilbeaux was not entitled to his salary, health and life insurance benefits, future leave, and retirement benefits, but did find that he was entitled to accumulated annual leave. The jury awarded $67,331.50 for accumulated annual leave. Finally, the jury found that the Housing Authority did not violate the provisions of La.R.S. 23:631, which concerns timely payment of wages upon termination. Finally, the jury found that Ms. Mayo, Ms. Miles, and Mr. Green were not guilty of bad faith in the termination of Mr. Guilbeaux's contract. A judgment in conformity with the jury's verdict was signed on May 2, 2007.

Mr. Guilbeaux filed a Motion for a Judgment Notwithstanding the Verdict, or alternatively, for a New Trial, which was denied in a judgment signed June 27, 2007. Mr. Guilbeaux now appeals.

## ASSIGNMENTS OF ERROR

The appellant, Eddie Guilbeaux, alleges five assignments of error:

1. The jury erred in finding that plaintiff had not complied with the terms of his contract and that the Opelousas Housing Authority had terminated his contract upon serious grounds.

2. The jury erred in finding that plaintiff was not entitled to salary and fringe benefits under his contract.

3. The jury erred in finding that the board of commissioners had not acted in bad faith in terminating his contract.

4. The Trial Court erred in dismissing the claims against Alvin Donatto and Mary Doucet.

5. The jury erred in finding that the Housing Authority of Opelousas had

2

not violated the provisions of La.R.S. 23:631.

## DISCUSSION

The supreme court set forth the standard of review for an appellate court when considering a factual finding by the trial court in *Rosell v. ESCO*, 549 So.2d 840, 844-845 (La.1989) (citations and footnote omitted):

> It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. In applying the manifestly erroneous--clearly wrong standard to the findings below, appellate courts must constantly have in mind that their initial review function is not to decide factual issues *de novo*.

> When findings are based on determinations regarding the credibility of witnesses, the manifest error--clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.

In his first assignment of error, the appellant claims the jury erred in finding that he had not proven that he complied with the terms of his contract or that the Board had no serious grounds to terminate his contract. The argument begins with

3

a claim that the jury heard no evidence that Mr. Guilbeaux failed to perform his duties as executive director. We disagree. The testimony of the members of the Board set forth several reasons why the Board found Mr. Guilbeaux's service as executive director was unsatisfactory. Finding that the jury had sufficient evidence to support their findings, we will not disturb their finding of fact.

In the second part of the argument on this assignment of error, Mr. Guilbeaux claims the trial court erred in failing to instruct the jury on the applicability of La.R.S. 42:6, which states that a public body may take no binding action in executive session. He claims that the Board's violation of this policy indicates their bad faith. We shall not address this argument because Mr. Guilbeaux failed to object to the trial court's failure to instruct the jury about La.R.S. 42:6.1, either before the jury retired to deliberate or immediately after the jury was instructed by the trial court. La.Code Civ.P. art. 1793(C); *Abshire v. Wilkenson*, 01-75 (La.App. 3 Cir. 5/30/01), 787 So.2d 1158. In fact, when the trial court informed the attorneys at the jury charge conference that he would not include an instruction about La.R.S. 42:6.1, Mr. Guilbeaux's counsel acquiesced in the court's decision. He also failed to object when the court circulated the final jury instructions among the parties. His attempt to make the instruction an issue in post-trial memorandum after the jury had reached a verdict is untimely.

In his second assignment of error, Mr. Guilbeaux argues that if we find merit in his first assignment of error, we must therefore increase the damage award to include those elements of his compensation that the jury failed to award. He also argues that he should be awarded the full amount of his accrued annual leave of $135,205.68, rather than the lower amount of $67,331.50. Having found no merit in

4

his first assignment of error, we find no error in the jury's finding that Mr. Guilbeaux was not entitled to any portion of his salary or other benefits. We will address the issue of whether the jury awarded the proper amount of accrued annual leave.

Mr. Guilbeaux introduced evidence that at the time he was fired he had 3541.27 hours of accumulated annual leave, which the Board allowed him to accumulate without limit. Since his salary at the time of his dismissal was $38.25 per hour, he argues that the proper amount of annual leave benefits should be increased to $135,205.68.[1] The Board argues that he was paid for 480 hours following his dismissal. They also argue that civil service rules allow accrual of only 300 hours of accumulated annual leave. Thus, they claim that the payment for 480 hours more than compensated Mr. Guilbeaux for his accumulated annual leave allowed. If the 480 hours is not viewed as payment, however, the board argues that 300 hours at $38.25 per hour is $11,475.00, and the amount awarded clearly exceeds that amount and should not be disturbed. The jury was also presented with evidence that Mr. Guilbeaux kept track of the time he took off from work without any oversight. The suggestion was that he could have inflated the numbers, though there was no evidence to support that claim.

Louisiana Revised Statutes 42:421(B) states in pertinent part:

B. No limitation shall be placed upon the amount of annual leave which any employee of the state or of any state agency may accrue during the period of his employment; provided, however, that any employee of the state or of any state agency shall accrue annual leave at the same rate as is provided for members of the classified service of the state by the Civil Service Commission; and provided, further, that any employee or ex-employee of the state or of any state agency may be paid for accrued annual leave amounting to the same maximum as is provided for members of the classified service of the state by the Civil Service Commission as approved by the governor after his separation from his

---

[1]According to our computations, this amount should be $135,453.58.

5

office or employment if the annual leave has been accrued under established leave regulations and an attendance record has been maintained for the employee by his supervisor.

Louisiana Civil Service Rule 11.10(b) states:

(b) No terminal payment for annual leave earned under these Rules shall exceed the value of 300 hours, computed on the basis of the employee's hourly rate of pay (includes base supplement) at the time of his separation. The hourly rate of pay for employees who are on detail shall not include the employees pay in the detail position.

We find that the maximum amount that the jury should have awarded for accrued annual leave is 300 hours. Since the Board did not appeal the jury's verdict or answer the appeal of Mr. Guilbeaux, we will not reduce the jury's award.

In his third assignment of error, the appellant argues, in a very cursory manner, that the members of the Board acted in bad faith in terminating his employment. Mr. Guilbeaux was asked to turn over the property which belonged to the Housing Authority, such as keys, credit cards, and a vehicle, by the members of the Board. Other than the violation of La.R.S. 42:6.1, he provides no evidence of the bad faith of the members of the Board. We find that the jury's verdict is supported by the evidence. Thus, we find no manifest error in the jury's determination that Ms. Mayo, Ms. Miles, and Mr. Green did not act in bad faith.

Furthermore, even if the trial court erred in dismissing Ms. Doucet and Mr. Donatto from the suit before the trial, the jury's verdict and the evidence support that this was harmless error. Considering that the allegations against them were less serious than those against the other commissioners, since they never actually voted to terminate Mr. Guilbeaux, we cannot find that the jury would have found that Ms. Doucet or Mr. Donatto acted in bad faith. Thus, Mr. Guilbeaux's fourth assignment of error lacks merit.

6

Finally, Mr. Guilbeaux argues that the jury erred in failing to award attorney fees and penalties for the Board's violation of La.R.S. 23:631, and the trial court erred in not granting a JNOV on this issue. Louisiana Revised Statutes 23:631 states, in pertinent part:

A. (1)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.

(b) Upon the resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday for the pay cycle during which the employee was working at the time of separation or no later than fifteen days following the date of resignation, whichever occurs first.

(2) Payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee's or laborer's current address as shown in the employer's records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service.

(3) The provisions of this Subsection shall not apply when there is a collective bargaining agreement between the employer and the laborer or other employee which provides otherwise.

B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section. The employee shall have the right to file an action to enforce such a wage claim and proceed pursuant to Code of Civil Procedure Article 2592.

We have found that the jury's findings regarding termination of the contract were not erroneous, and there was a legitimate dispute about the amounts owed to Mr.

7

Guilbeaux that were only settled after presenting evidence to a jury. We cannot say that the jury erred in finding no violation under La.R.S. 23:631. Mr. Guilbeaux's fifth assignment of error lacks merit.

## CONCLUSION

The judgment of the trial court is affirmed in all respects. The appellant is cast with all costs of this appeal.

**AFFIRMED.**

EDDIE J. GUILBEAUX

VERSUS

THE HOUSING AUTHORITY OF THE CITY OF OPELOUSAS, ET AL.

**COOKS, J., concurs in the result and assigns additional reasons.**

Plaintiff argues his termination was not proper because under La.R.S. 42:6, a public body may take no binding action in executive session. He further argues there was no dispute regarding the fact that the Housing Authority terminated Plaintiff's contract during the executive session; and as a result, the trial judge should have handled this matter as an undisputed fact, applying the provisions of La.R.S. 42:6 to these undisputed facts and holding the contract was not legally terminated. While I find validity in this argument, Plaintiff failed to timely voice his objection to this defect by seeking to enjoin the termination in advance of filing the present suit. He also did not file a motion for summary judgment asserting his legal entitlement to immediate reinstatement because of the improper termination. He additionally could have, though belatedly, urged after the Defendants rested, that a directed verdict was appropriate because Defendants failed to establish the termination was legally valid. Although Plaintiff vociferously urges that public policy compels that we "do the right thing" and follow R.S. 42:6, we are procedurally barred from taking such action.

Plaintiff has also argued the basis for the termination was not the same as that used at trial. Again, this may be so. However, Plaintiff failed to take advantage of the procedural remedies available to him prior to and during trial. There were a number of procedural avenues Plaintiff could have taken: (1) he could have filed a motion in limine to prevent admission of evidence and enlargement of the pleadings;

(2) he could have objected to admission of the evidence during the trial as beyond the reasons actually used by the Board to terminate Plaintiff's employment; and (3) he could have requested an instruction to the jury in line with *Votier v. Church Point Wholesale Beverage Co.*, 99-1777 (La.App. 3 Cir 4/5/00), 760 So.2d 451,*writ denied*, 00-1920 (La.9/29/00), 770 So.2d 350. Having failed to avail himself of his procedural remedies below, Plaintiff cannot now seek redress at this level.