Dear Senator Long:
Our office received an opinion request from you concerning the applicability of Executive Order No. BJ 2010-05 or Louisiana State Civil Service Rule 6.14.1 to employees of housing authorities.
Both the Executive Order and State Civil Service Rule referenced affect merit salary increases for state employees. Executive Order No. BJ 2010-05 freezes award merit increases by any appointing authority for all unclassified employees from March 19, 2010 until June 30, 2011. Louisiana State Civil Service Rule 6.14.1 suspends all provisions of the Merit Increase Rule (Rule 6.14) for the period of July 1, 2010 through June 30, 2011, prohibiting any appointing authority from granting merit increases to any classified employee. Both the Executive Order and State Civil Service Rule maintain the obligation to continue compliance with Civil Service Rules regarding performance planning and review requirements.
Before proceeding with the substantive issues of your opinion request, it is first important to generally identify the nature of housing authorities. A "local housing authority" or "authority" is defined by La.R.S. 40:384(16) as:
a public body, corporate and politic, previously established, or to be established, by a municipality or a parish pursuant to the authority provided in this Chapter, exercising necessary and essential governmental functions for the purposes stated in this Chapter in matters of statewide concern, although its operations are local in nature. It is a political subdivision of this state, independent from the municipality or parish which *Page 2 
established or establishes it or which may appoint some or all of its commissioners, and is not a state agency for any purpose, including R.S. 42.421(B). Any reference in this Chapter to a local housing authority shall also be deemed to include a "housing authority" or a "regional or consolidated housing authority" unless the context clearly otherwise requires. "Local housing authority" also includes any housing authority established under prior law.
As the above definition makes clear, a housing authority is a public body exercising functions of a local nature in matters of statewide concern, a political subdivision of the state, yet not within the twenty departments of the state executive branch. La.R.S. 36:1 et seq.
When La.R.S. 40:384(16) was amended in the 2009 Regular Session, legislature added the language "and is not a state agency for any purpose, including R.S. 42:421(B)." The impetus of the amendment, as described by individuals approved by the authors as authorities on the matter, [1] was a direct response to the decision of Guilbeaux v. TheHousing Authority of the City of Opelousas, [2] where the court applied La.R.S. 42:421(B) to an executive director of a housing authority. La.R.S. 42:421(B) states, in pertinent part:
No limitation shall be placed upon the amount of annual leave which any employee of the state or of any state agency may accrue during the period of his employment; provided, however, that any employee of the state or of any state agency shall accrue annual leave at the same rate as is provided for members of the classified service of the state by the Civil Service Commission; and provided, further, that any employee or ex-employee of the state or of any state agency may be paid for accrued annual leave amounting to the same maximum as is provided for members of the classified service of the state by the Civil Service Commission as approved by the governor after his separation from his office or employment if the annual leave has been accrued under established leave regulations and an attendance record has been maintained for the employee by his supervisor.
[Emphasis added].
The legislature has clearly indicated that housing authorities are not to be considered state agencies. With respect to the potential applicability of Executive Order BJ 2010-05, as housing authorities are not state agencies, and in light of the fact that "political *Page 3 
subdivisions are not part of any department within the executive branch of government,"[3] the Executive Order does not apply to housing authorities. Therefore, the remaining issue to resolve is whether employees of housing agencies are subject to Louisiana State Civil Service Rule 6.14.1.
The state civil service system is established by La.Const. art. X, § 1, which provides:
The state civil service is established and includes all persons holding offices and positions of trust or employment in the employ of the state, or any instrumentality thereof, and any joint state and federal agency, joint state and parochial agency, or joint state and municipal agency, regardless of the source of the funds used to pay for such employment. It shall not include members of the state police service as provided in Part IV of this Article or persons holding offices and positions of any municipal board of health or local governmental subdivision.
If a housing authority is a state agency or an instrumentality of the state, then, as described by La.Const. art. X, § 1, its employees must belong to the state civil service system. However, as has been acknowledged by the Louisiana Supreme Court, the legislature also has the authority to place certain employees in the civil service system.[4]
The legislature has done so by virtue of La.R.S. 40:539(C)(8), which provides:
Except as provided in the Constitution of Louisiana and as may otherwise be authorized by the State Civil Service Commission, all employees of the authority, except authority members, the executive director, and one other employee whom the authority shall designate and employ, and except professional employees employed on a contract basis, shall be in the classified state civil service.
This statute clearly indicates that members of the housing authority, professional contract employees, the executive director and one other employee designated and employed by the authority are not classified state civil service employees. However, unless otherwise provided for in the Louisiana Constitution and authorized by the State Civil Service Commission, all other employees of housing authorities are classified state civil service employees.
La.R.S. 40:539(C)(8) unequivocally declares a legislative intent for specific employees of housing authority to participate in the state civil service system, unless otherwise is provided for by the Louisiana Constitution and authorized by the State Civil Service Commission. As further indication of the legislative intent for housing authorities to participate in state civil service, please also see La.R.S. 40:539(C)(2), which subjects *Page 4 
the executive director of a housing authority to applicable civil service laws, rules, and regulations and policies of the authority.
Due to the statutory placement of certain housing authority employees in the state civil service system by La.R.S. 40:539(C)(8), it is clear that some employees of housing authorities belong to the state civil service system.
The State Civil Service Commission is established by La.Const. art. X, § 3. Such Commission is vested with broad and general rulemaking powers for the administration and regulation of the classified service, including the power to adopt rules regulating compensation for classified employees.[5] Therefore, any individuals who participate in the state civil service system are subject to the rules and regulations set by the State Civil Service Commission.
State Civil Service Rule 6.14.1 provides that "no appointing authority may grant a merit increase to any employee nor may any employee gain eligibility for a merit increase." By the clear language of La.R.S. 40:539(C)(8), employees of housing authorities who are not specifically excluded from state classified civil service are classified state civil service employees. By the clear language of La.Const. art. X, § 10, classified employees are subject to the rules and regulations set by the State Civil Service Commission.
Therefore, it is the opinion of this office that the housing authority employees who are classified state civil service are subject to State Civil Service Rule 6.14.1, and therefore may not be granted merit increases, nor may these employees gain eligibility for merit increases, from the period of July 1, 2010 through June 30, 2011.
As noted above, La.R.S. 40:539(C)(8) specifically excludes members of the housing authority, professional contract employees, the executive director and one other employee designated and employed by the authority from classified state civil service. Hence, without additional legislation, those individuals not included in the classified state civil service system by La.R.S. 40:529(C)(8) are not subject to the rules of the State Civil Service Commission.
The 2009 amendment to La.R.S. 40:384(16) makes clear that although housing authorities are political subdivisions of the state, they are not state agencies. Notwithstanding this amendment, the legislature has clearly indicated a desire to include employees of housing authorities in the state civil service system by the clear directive in La.R.S. 40:539(C)(8). Absent an amendment to La.R.S. 40:539(C), it is the opinion of this office that employees of housing authorities who are in the classified state civil service are subject to State Civil Service Rule 6.14.1. However, as housing authorities are not state agencies, no housing authority employees are subject to Executive Order No. BJ 2010-5. *Page 5 
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: _____________________ Emalie A. Boyce Assistant Attorney General
JDC: EAB
[1] This intention is confirmed by discussion before the House Committee on Municipal, Parochial and Cultural Affairs on May 20, 2009 and the Senate Committee on Local and Municipal Affairs on June 5, 2009, which specifically addressed the amendment to La.R.S. 40:384(16) and the need to clarify that a local housing authority is "not a state agency for any purpose."
[2] 2007-1235 (La. App. 3 Cir. 3/5/08), 978 So.2d 1132.
[3] Vogt v. Bd. Of Comm'rs of Orleans Levee District,294 F.3d 684, 692 (5th Cir. 2002).
[4] See La.Const. Art. X, § 15 and Slowinski v. England Economicand Industrial Development District, 2002-0189 (La. 10/15/02);828 So.2d 520.
[5] La.Const. art. X, § 10.